IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREGORY G. STOKES, :
   Plaintiff, :
                     :
v.                 :   Civil Action No. 1:25cv02121
                     :
MARCIA D. STOKES, :
   Defendant. :
                     :
                : JURY TRIAL DEMANDED

FILED
HARRISBURG, PA
NOV 10 2025
PER ____IBa____
DEPUTY CLERK

**COMPLAINT**

## STATEMENT OF GOOD FAITH AND PURPOSE

Plaintiff, Gregory G. Stokes ("Plaintiff"), respectfully files this civil complaint in good faith and for the sole purpose of securing lawful judicial relief. This action is not brought for any improper purpose, including harassment, intimidation, or retaliation. It is filed to protect Plaintiff's property interests, contractual rights, and access to jointly held financial and business assets, and to obtain appropriate redress for injuries sustained through documented and verifiable conduct.

All allegations herein are based on information personally known to Plaintiff or reasonably believed to be true after diligent review. The claims are presented to preserve Plaintiff's rights under federal and state law and to obtain fair and transparent adjudication through this Court.

## INTENT AND CONDUCT DISCLAIMER

Plaintiff expressly disclaims any intent to harass, embarrass, or cause undue harm to Defendant, Marcia D. Stokes ("Defendant"). The allegations set forth below relate solely to financial, contractual, and administrative matters necessary for judicial determination. Plaintiff's intent is limited to obtaining relief consistent with federal law, equity, and due process.

This Complaint does not address matters of a personal or domestic nature except where necessary to establish factual context relevant to the financial and business issues before the Court.

## I. INTRODUCTION

1. This civil action arises from a pattern of deliberate financial misconduct by Defendant Marcia D. Stokes, who deprived Plaintiff Gregory G. Stokes of access to jointly owned business assets, revenues, and financial records associated with the parties' real-estate and short-term-rental operations.

2. Defendant's conduct includes, but is not limited to:

   (a) the unilateral restriction of Plaintiff's access to shared business, banking, and accounting platforms;

   (b) the diversion and concealment of income and financial statements;

   (c) the transmission of false and unauthorized information to third-party institutions and governmental entities; and

   (d) acts of financial retaliation and deception that disrupted Plaintiff's disability-based income stability and violated duties arising under state and federal law.

3. Among other fraudulent acts, Defendant falsely represented to the Dauphin County Court of Common Pleas, Assistant District Attorney Sarah M. Phillips, and The Honorable Judge Scott A. Evans that Plaintiff owed restitution for an engine replacement on a jointly owned 2017 BMW X3, despite knowing the repair had already been fully paid by GEICO Insurance. This misrepresentation forms part of Defendant's continuing scheme of financial exploitation and double recovery.

4. Plaintiff brings this action in good faith to secure lawful judicial relief, obtain a full accounting of joint business interests, and recover damages resulting from Defendant's fraudulent and retaliatory conduct. Plaintiff seeks compensatory, statutory, and equitable relief as authorized by federal and Pennsylvania law.

## II. JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1332 (diversity of citizenship and amount in controversy exceeding $75,000).

6. Venue is proper in this District under 28 U.S.C. § 1391(b), as both parties reside within Pennsylvania and a substantial portion of the events and injuries giving rise to this action occurred within the Middle District.

## III. PARTIES

7. Plaintiff Gregory G. Stokes is an adult individual residing at 100 Reeser Road, Camp Hill, Pennsylvania.

8. Plaintiff has been a recipient of Social Security Disability Insurance ("SSDI") benefits since October 2017 due to medically documented impairments that limit his ability to maintain full-time employment.

9. Defendant Marcia D. Stokes is an adult individual residing in Pennsylvania and employed as the Chief Financial Officer of the Harrisburg School District.

## IV. FACTUAL ALLEGATIONS

A. Plaintiff's Disability Status

10. Plaintiff has been continuously recognized as disabled under the Social Security Act since October 2017.

11. Defendant has long been aware of Plaintiff's medical status, reliance on SSDI income, and the potential impact of any interference with those benefits.

12. Plaintiff's financial stability depends on predictable SSDI payments and shared income from jointly owned short-term-rental ("STR") properties.

13. On December 3, 2023, during a domestic disagreement at the marital residence, an incident of physical contact occurred between the parties. The

encounter, recorded by Plaintiff, depicts Defendant as the initiating party. Plaintiff made no effort to retaliate or escalate. This event is referenced solely to provide factual background regarding the pattern of disputes relevant to the financial issues described below.

14. Plaintiff does not seek damages for physical injury in this action; this reference is included only to show the broader context of control and exclusion that later manifested in the financial domain.

B. Joint Real Estate Business and Plaintiff's 50% Ownership

15. Plaintiff and Defendant jointly acquired and operated STR properties, including one in Aguada, Puerto Rico, and two in Snowshoe, West Virginia (collectively, "Joint Rental Properties").

16. The parties operated these properties as a de facto partnership, contributing capital, credit, labor, and management duties and sharing profits and expenses.

17. Plaintiff contributed extensive work related to setup, repairs, listings, pricing, and guest communications, while Defendant primarily managed accounting and certain financial functions.

18. Plaintiff maintains a 50 percent ownership interest in all rental real property, associated business accounts, booking platforms, and proceeds.

19. Before 2024, both parties maintained full access to online STR dashboards, payout accounts, and financial records.

C. Operation of the STR Business

20. Until early 2024, revenues were deposited into accounts accessible to both parties.

21. Plaintiff routinely handled guest inquiries, vendor scheduling, and operational management.

22. Accurate access to booking, payout, and expense data was essential for tax compliance and fair distribution of income.

D. Vehicle-Related Fraud and Double Recovery Attempt

23. In May 2024, the parties' jointly owned 2017 BMW X3 sustained engine damage. Defendant subsequently filed an insurance claim through GEICO, and the vehicle's engine was replaced and paid for in full under Defendant's comprehensive-coverage policy.

24. Despite this, Defendant later falsely represented to Assistant District Attorney Sarah M. Phillips and to The Honorable Judge Scott A. Evans of the Dauphin County Court of Common Pleas that Plaintiff owed restitution for the same engine replacement.

25. Defendant's representation was materially false and constituted an attempt to obtain a double recovery for an expense already satisfied by insurance proceeds.

26. Defendant made these statements knowingly and with intent to create additional financial exposure for Plaintiff during ongoing proceedings.

27. GEICO's claim documentation, body-shop invoices, and payment records confirm that the engine replacement was fully paid by the insurer in 2024, prior to Defendant's restitution demand.

28. This episode forms part of Defendant's broader pattern of fraudulent financial conduct, which includes concealing joint revenues, misrepresenting business records, and leveraging false narratives to obtain money or advantage.

29. Defendant's misrepresentation regarding the BMW X3 repair exemplifies her ongoing misuse of process and supports Plaintiff's claims for fraud, breach of fiduciary duty, and conversion of jointly held assets.

### D. Restriction of Access to Business and Financial Systems

30. On or about April 15, 2024, Defendant revoked Plaintiff's access to shared business platforms, including Airbnb host dashboards, payout accounts, and banking channels, without notice or explanation.

31. Plaintiff discovered the restriction when login credentials failed and received automated password-reset alerts.

32. Plaintiff promptly requested restoration of access, but Defendant did not respond or provide alternative arrangements.

33. Defendant thereafter operated the business exclusively, withholding all account credentials, reports, and revenue.

34. Rental proceeds were diverted to accounts controlled solely by Defendant.

35. Defendant's unilateral actions deprived Plaintiff of his share of business income and prevented him from monitoring operations or fulfilling tax obligations.

### E. Withholding of Records and Accounting

36. Since April 2024, Defendant has not provided Plaintiff with account statements, payout ledgers, invoices, or other financial documentation relating to the Joint Rental Properties.

37. Plaintiff's repeated written and verbal requests for an accounting were declined or ignored.

38. The lack of transparency has prevented Plaintiff from verifying revenues, expenses, or net profits and exposed him to potential tax-reporting inaccuracies.

### F. Interference With SSDI Benefits

39. Plaintiff's sole source of income outside the STR business is his Social Security Disability Insurance benefit.

40. In or about July 2025, Defendant contacted the Social Security Administration ("SSA") without authorization and made statements concerning Plaintiff's status and income that were inaccurate or misleading.

41. Plaintiff subsequently received verification inquiries from SSA that he had not previously encountered, suggesting Defendant's communication caused administrative disruption.

42. Defendant's actions, lacking any legitimate purpose, created unnecessary complications with a federally protected income source.

43. Plaintiff was required to expend substantial time and effort responding to these inquiries to ensure the continuity of his benefits.

G. Report to Life-Insurance Carrier

44. In May 2025, Defendant contacted Mutual of Omaha, Plaintiff's life-insurance carrier, and inaccurately reported that Plaintiff was deceased.

45. Defendant remained the listed beneficiary on Plaintiff's $250,000 policy at the time.

46. The false report triggered the carrier's fraud-prevention process, temporarily disrupting policy status and causing emotional distress.

47. Plaintiff was compelled to verify his identity and living status to prevent erroneous termination or payment.

48. Defendant's communication had no legitimate purpose and caused unnecessary administrative and emotional harm.

H. Financial Control and Leverage

49. Defendant's actions occurred during ongoing dissolution proceedings and demonstrate misuse of financial control.

50. Defendant's conduct restricted Plaintiff's access to funds during a period of known vulnerability, creating economic hardship and limiting his ability to address legal and personal obligations.

51. These acts had the foreseeable effect of coercing Plaintiff by limiting his independent means of support.

I. Tax and Reporting Consequences

52. STR operations require accurate reporting of income, expenses, and related forms such as 1099-K.

53. Defendant's withholding of records prevented Plaintiff from completing accurate filings, thereby exposing him to potential penalties or audit risk.

54. Plaintiff seeks access to all records to ensure compliance with federal and state tax obligations.

J. Continuing Harm and Emotional Distress

55. Defendant's conduct has caused Plaintiff ongoing financial uncertainty, emotional strain, and reputational concern.

56. Plaintiff's distress has been aggravated by the false insurance report and the interference with SSA communications.

57. Plaintiff continues to experience anxiety and financial disruption resulting from lack of access to joint business assets.

K. Plaintiff's Requests for Access and Accountability

58. Following the April 2024 lockout, Plaintiff repeatedly requested restoration of access, bank statements, booking records, and related data.

59. Defendant declined to provide any substantive response.

60. To date, no accounting or record disclosure has been provided despite numerous good-faith efforts by Plaintiff to resolve the matter without litigation.

L. Financial Loss Overview

61. Plaintiff has received no share of STR revenue since April 2024.

62. Historical performance demonstrates significant, recurring monthly income from the properties.

63. Based on past performance and comparable metrics, Plaintiff estimates that his losses exceed the jurisdictional threshold.

64. Plaintiff reserves the right to amend specific damage calculations after discovery and accounting.

M. Business Platforms and Systems

65. Defendant's restrictions extended to Airbnb host accounts, payout ledgers, bank portals, and other online systems essential to business operation.

66. Plaintiff remains unable to access those systems or obtain financial data.

67. The exclusion continues despite repeated, courteous requests for restoration.

N. Pattern of Conduct

68. Defendant's actions, taken collectively, show a pattern of exclusion and improper control over joint financial resources.

69. These acts lacked lawful justification and served no legitimate business purpose.

70. The pattern reflects continuing disregard for Plaintiff's ownership and contractual rights.

O. Defendant's Professional Role

71. Defendant is the Chief Financial Officer for a public-school district, a position requiring accountability and adherence to fiduciary standards.

72. Plaintiff includes this fact only to demonstrate Defendant's familiarity with financial systems and fiduciary obligations; no workplace misconduct is alleged.

73. Despite that expertise, Defendant engaged in personal conduct inconsistent with those professional principles.

P. Ongoing and Irreparable Harm

74. Plaintiff continues to be deprived of access to joint business accounts and records.

75. The lack of information prevents him from assessing property performance, verifying income, or ensuring compliance with tax and insurance obligations.

76. Without court intervention, this harm is likely to persist and may cause further economic injury.

Q. Summary of Improper Acts

77. In summary, Defendant's actions include: (a) restricting Plaintiff's access to business systems; (b) diverting shared income; (c) refusing to provide an accounting; (d) interfering with SSA communications; (e) reporting false information to an insurer; and (f) withholding financial records and data.

78. These actions were undertaken without lawful justification and have caused measurable economic and emotional harm to Plaintiff.

## V. CAUSES OF ACTION

### COUNT I – FRAUD (INTENTIONAL MISREPRESENTATION AND CONCEALMENT)

71. Plaintiff incorporates by reference paragraphs 1–70 as if fully set forth herein.

72. Defendant knowingly made false representations and omissions of material fact, including but not limited to concealing business revenues, withholding access credentials, and providing inaccurate information to third parties.

73. Defendant's statements and omissions were made with knowledge of their falsity and with the intent that Plaintiff rely on them to his detriment.

74. Plaintiff justifiably relied on Defendant's representations and her duty to provide truthful, complete, and transparent information regarding jointly operated financial assets.

75. As a direct and foreseeable result, Plaintiff suffered financial losses, administrative burdens, and emotional distress.

### COUNT II – CONVERSION (MISAPPROPRIATION OF BUSINESS FUNDS AND ACCESS RIGHTS)

76. Plaintiff incorporates by reference paragraphs 1–75.

77. Plaintiff holds a 50 percent ownership interest in the Joint Rental Properties, associated accounts, and revenues.

78. Defendant wrongfully exercised control over business proceeds and digital platforms to the exclusion of Plaintiff.

79. This conduct constitutes conversion of Plaintiff's property rights, including his share of revenues and access to joint business systems.

80. Plaintiff has been deprived of possession and benefit of his property and has sustained measurable damages as a result.

## COUNT III – BREACH OF FIDUCIARY DUTY (JOINT BUSINESS RELATIONSHIP)

81. Plaintiff incorporates by reference paragraphs 1–80.

82. As co-owners of the jointly operated rental business, Defendant owed Plaintiff fiduciary duties of loyalty, honesty, disclosure, and fair dealing.

83. Defendant breached these duties by excluding Plaintiff from operations, withholding records, and diverting revenues for her sole benefit.

84. Defendant's conduct was inconsistent with fiduciary standards of transparency and fairness.

85. Plaintiff has suffered financial losses and loss of trust and seeks equitable and compensatory relief.

## COUNT IV – INTERFERENCE WITH FEDERALLY PROTECTED SSDI BENEFITS

86. Plaintiff incorporates by reference paragraphs 1–85.

87. Plaintiff lawfully receives Social Security Disability Insurance benefits pursuant to the Social Security Act.

88. Defendant, without authorization or legitimate purpose, communicated inaccurate information to the Social Security Administration regarding Plaintiff's income and eligibility.

89. Such interference created unnecessary administrative hardship and threatened disruption of federally protected benefits.

90. Defendant's actions were willful and foreseeably caused Plaintiff stress, confusion, and risk of benefit interruption.

## COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

91. Plaintiff incorporates by reference paragraphs 1–90.

92. Defendant's conduct — including making false statements to a federal agency and inaccurately reporting Plaintiff's death to his life-insurance carrier — was extreme and outrageous by any reasonable standard.

93. Defendant either intended to cause emotional distress or acted with reckless disregard of the likelihood that such distress would occur.

94. Plaintiff suffered severe emotional distress, anxiety, and humiliation as a direct result.

95. Defendant's conduct was without lawful justification and warrants compensatory and, where appropriate, punitive relief.

COUNT VI – ACCOUNTING AND CONSTRUCTIVE TRUST

96. Plaintiff incorporates by reference paragraphs 1–95.

97. Defendant maintains exclusive control over business accounts and records necessary for full financial reconciliation.

98. Equity requires an accounting of all revenues, expenses, and distributions associated with the Joint Rental Properties.

99. Plaintiff further seeks the imposition of a constructive trust over any funds or property wrongfully withheld or diverted.

COUNT VII – DECLARATORY JUDGMENT (OWNERSHIP AND ACCESS RIGHTS)

100. Plaintiff incorporates by reference paragraphs 1–99.

101. A real and immediate controversy exists concerning Plaintiff's ownership interest, access to business systems, and entitlement to proceeds.

102. Plaintiff seeks a declaratory judgment confirming his rights to access, accounting, and equitable distribution consistent with federal and state law.

COUNT VIII – INJUNCTIVE RELIEF (RESTORE ACCESS AND PREVENT FURTHER INTERFERENCE)

103. Plaintiff incorporates by reference paragraphs 1–102.

104. Defendant's continuing control over joint assets threatens irreparable harm to Plaintiff's financial stability and federal benefit security.

105. Monetary damages alone are inadequate to prevent ongoing injury.

106. Plaintiff seeks preliminary and permanent injunctive relief requiring Defendant to:

   (a) restore Plaintiff's full access to all jointly held business and financial accounts;

   (b) produce all relevant records and credentials;

   (c) refrain from unauthorized communications with the Social Security Administration, insurance carriers, or financial institutions regarding Plaintiff; and

   (d) preserve all electronically stored data and financial documentation relevant to the jointly owned properties.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant and grant the following relief:

1. Compensatory damages for lost income, administrative disruption, and associated financial and emotional harm;

2. Restitution and disgorgement of any diverted funds or assets belonging to Plaintiff;

3. Punitive damages where permitted by law for conduct shown to be willful or in reckless disregard of Plaintiff's rights;

4. Treble damages as authorized under applicable statutory provisions;

5. A full accounting of all revenues, expenses, and distributions relating to the Joint Rental Properties;

6. Imposition of a constructive trust over any misappropriated proceeds;

7. Declaratory judgment confirming Plaintiff's 50 percent ownership and access rights;

8. Preliminary and permanent injunctive relief as described herein;

9. Reasonable costs of suit and other appropriate equitable relief deemed just by this Court; and

10. Leave to amend this Complaint as justice and discovery require, including to specify damages exceeding $1,000,000 once precise amounts are ascertainable.

## VII. JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully submitted,
/s/ Gregory G. Stokes
Gregory G. Stokes
100 Reeser Road
Camp Hill, PA 17011
gstokes20@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Complaint will be served upon Defendant in accordance with the Federal Rules of Civil Procedure.

Date: _____

/s/ Gregory G. Stokes

Gregory G. Stokes
100 Reeser Road
Camp Hill, PA 17011
(717) 562-2165 • gstokes20@yahoo.com

November 10, 2025

Clerk of Court
United States District Court
Middle District of Pennsylvania – Harrisburg Division
228 Walnut Street, P.O. Box 983
Harrisburg, PA 17108

Re: Stokes v. Stokes — Filing of Civil Complaint

Dear Clerk:

Enclosed please find the following documents for filing in the above-captioned civil action:

1. Civil Complaint (with Jury Trial Demand)
2. Civil Cover Sheet (JS-44)
3. Summons (AO-440)
4. Certificate of Service

Please assign a civil action number and return a time-stamped copy of the Complaint to me in the enclosed self-addressed stamped envelope.

Respectfully,

Gregory G. Stokes
Plaintiff, Pro Se

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA (HARRISBURG DIVISION)

GREGORY G. STOKES,             Plaintiff
v.
MARCIA D. STOKES,              Defendant

Civil Action No.: _____

CERTIFICATE OF SERVICE

I, Gregory G. Stokes, hereby certify that on this 10th day of November, 2025, I caused a true and correct copy of the following documents to be served by first-class mail, postage prepaid, upon the Defendant at the address listed below:

- Civil Complaint
- Civil Cover Sheet (JS-44)
- Summons in a Civil Action (AO-440)

Service Address:
Marcia D. Stokes
Chief Financial Officer
Harrisburg School District
1010 North 7th Street
Harrisburg, PA 17102

Courtesy Copy (via First-Class Mail):
Karen L. DeMarco, Esq.
Coyne & Coyne, P.C.
3901 Market Street
Camp Hill, PA 17011-4227

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Date: November 10, 2025

_____
Gregory G. Stokes
Plaintiff, Pro Se
100 Reeser Road
Camp Hill, PA 17011
(717) 562-2165
gstokes20@yahoo.com