### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GREGORY G. STOKES,** | : | **CIVIL ACTION NO. 1:25-CV-2121** |
| | : | |
| **Plaintiff** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **MARCIA D. STOKES** | : | |
| | : | |
| **Defendant** | : | |

### <u>MEMORANDUM</u>

This matter comes before the court upon the Report and Recommendation

("R&R") (Doc. 10) of Magistrate Judge Sean A. Camoni, wherein Judge Camoni

recommends this court dismiss plaintiff Gregory G. Stokes's complaint with

prejudice. Gregory[1] filed timely objections, (Doc. 11), and then filed a supplement to

his objections, (Doc. 12). The court considers both documents to be timely objections

to the R&R.

When reviewing an R&R from a magistrate judge, this court is to give *de

novo* review of the contested portions of the report and afford "reasoned

consideration" to the uncontested portions of the report. <u>See</u> <u>E.E.O.C. v. City of

Long Branch</u>, 866 F.3d 93, 100 (3d Cir. 2017) (citations omitted).

Judge Camoni recommends the court dismiss Gregory's complaint for lack of

subject matter jurisdiction. (Doc. 10 at 5-6). The complaint alleges both Gregory and

---

[1] Ordinarily, the court would use surnames when referring to the parties. However, because the parties in this case share a surname, the court will use first names in this Opinion.

defendant Marcia D. Stokes live in Pennsylvania. (Doc. 1 ¶¶ 7, 9). Therefore, the court cannot have diversity jurisdiction. 28 U.S.C. 1332(a)(1) (requiring citizenship of different states). As to federal subject-matter jurisdiction, the complaint does not cite a single federal law as the basis for this lawsuit. At most, the complaint alleges "interference with federally protected" Social Security benefits, (Doc. 1 at ECF 12), but this by itself does not give rise to federal question jurisdiction.

Typically, federal courts acquire subject matter jurisdiction when it is a federal law that creates the underlying cause of action. Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 808 (1986). There is a narrow exception for the rare claims where "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn v. Minton, 568 U.S. 251, 258 (2013). The test is conjunctive, meaning all four factors must be met. Id.

Gregory's complaint does not meet this narrow exception. It alleges Marcia "communicated inaccurate information to the Social Security Administration." (Doc. 1 ¶ 88). The thrust of this charge is therefore fraud that happens to involve a federal program. This means no federal issue is raised as fraud is a classic state-law claim.

Notably, in neither of his filings does Gregory challenge Judge Camoni's finding of a lack of subject matter jurisdiction. (Docs. 11, 12). For the reasons given above, and after reasoned consideration, the court concludes it lacks subject matter jurisdiction over this case, and it must be dismissed.

Judge Camoni recommended the court dismiss the case with prejudice. (Doc. 10 at 4). Gregory objects to dismissal with prejudice. (Doc. 11 at ECF 3; Doc. 12 at ECF 3). On this point, the court agrees with Gregory. While a court can dismiss a case with prejudice for lack of subject matter jurisdiction, see Rose v. Husenaj, 708 F. App'x 57, 60 (3d Cir. 2017) (nonprecedential), those instances are rare. For example, in Rose, the plaintiff alleged some federal claims and had repeatedly filed complaints trying to invoke a federal court's jurisdiction. Id. at 59-60. That is not the case here. As far as the court is aware, this is Gregory's first complaint and most of his complaint deals with state law issues. Dismissals with prejudice for lack of subject matter jurisdiction are generally improper. Cook v. GameStop, Inc., 148 F.4th 153, 163 (3d Cir. 2025) (quoting Barclift v. Keystone Credit Servs., LLC, 93 F.4th 136, 148 (3d Cir. 2024)). This case falls into that general rule. So while the court will dismiss this case, dismissal will be without prejudice.

Thus, this is not an adjudication on the merits and Gregory will be free to bring his claims in state court. All of his pending motions will be denied without prejudice as moot, because the entire case is being dismissed. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

April 10th, 2026.

3